UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SNYDER, MARTIN and BETH MELNICK, LIA LOUTHAN, and SUMMERFIELD GARDENS CONDOMINIUM on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAMKO BUILDING PRODUCTS, INC., a Missouri Corporation,<br><br>Defendant. | No. 1:15-cv-01892-TLN-KJN<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

This matter is before the Court pursuant to Defendant TAMKO Building Products, Inc.'s ("Defendant") Motion to Dismiss the Claims of Plaintiffs Martin and Beth Melnick ("Melnicks"), Lia Louthan ("Louthan"), and Summerfield Gardens Condominium ("Summerfield Gardens") (collectively, "Challenged Plaintiffs") for Lack of Personal Jurisdiction. (ECF No. 81.) Plaintiffs Jeffrey Snyder ("Snyder"),[1] the Melnicks, Louthan, and Summerfield Gardens (collectively, "Plaintiffs") oppose the motion. (ECF No. 83.) Defendant has replied. (ECF No. 84.) The Court hereby DENIES Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, (ECF No. 81).

---

[1] Defendant does not challenge personal jurisdiction as to Plaintiff Snyder, (ECF No. 82 at 3), who joins the Challenged Plaintiffs in opposing the instant motion.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are named representatives of a proposed class of individuals and entities who own or have owned structures on which fiberglass roofing shingles, sold under the name "Heritage" and manufactured by Defendant, "are or have been installed." (ECF No. 36 ¶ 1.)

Plaintiffs allege the "shingles are plagued by design and/or manufacturing flaws that result in the shingles…generally deteriorating and leaking." (ECF No. 36 ¶ 2.) Plaintiffs allege Defendant "represented its shingles as durable, reliable and free from defects" on its website, and advertised that its shingles meet certain industry standards. (ECF No. 36 ¶ 21.) Plaintiffs allege Defendant's shingles contain less asphalt than required and do not conform to the representations or industry standards, and that Plaintiffs and the class have suffered damage to the shingles, their roofs and the underlying structures, which Defendant has not remedied. (ECF No. 36 ¶¶ 21–34.)

Plaintiffs allege Snyder has been a citizen of California, the Melnicks have been citizens of Connecticut, and Louthan has been a citizen of Ohio. (ECF No. 36 ¶¶ 5–7.) Plaintiffs allege Summerfield Gardens has been a not-for-profit corporation formed under Illinois law and located in Madison County. (ECF No. 36 ¶ 8.) Plaintiffs allege Defendant designed, manufactured, warranted, advertised, and sold defective shingles that were installed on thousands of structures in California, Connecticut, Ohio, Illinois, and throughout the United States. (ECF No. 36 ¶ 10.) Plaintiffs allege Defendant is a corporation organized under Missouri law, with its principal place of business in Missouri. (ECF No. 36 ¶ 9.) Plaintiffs allege Defendant maintains district offices, manufacturing facilities, warehouses, and a public warehouse in various states outside of California, Connecticut, Ohio, or Illinois. (ECF No. 36 ¶ 19.)

Plaintiffs brought this products liability action as a putative class action under Federal Rule of Civil Procedure 23. (ECF No. 36 ¶ 94.) Defendant moves to dismiss the claims of the Challenged Plaintiffs arguing the Court does not have personal jurisdiction over Defendant because the Challenged Plaintiffs do not reside in California "or have alleged any connection between their claims and California." (ECF No. 81 at 2.) Plaintiffs oppose, arguing Defendant waived this defense by not asserting it in its pending motion to dismiss, (ECF No. 68). (ECF No. 83 at 2.)

## II. STANDARDS OF LAW

Federal Rule of Civil Procedure 12(b)(2) permits a party to move for dismissal for lack of personal jurisdiction "before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b), 12(b)(2). In a class action, a defendant can challenge personal jurisdiction as to each named plaintiff. *Alvarez v. NBTY, Inc.*, 2017 WL 6059159, at *5 (S.D. Cal. Dec. 06, 2017).

When there is no federal statute authorizing personal jurisdiction, the district court applies the law of the state in which the district court sits. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). California's long-arm statute is coextensive with federal due process requirements. CAL. CIV. PROC. CODE § 410.10. Accordingly, the "jurisdictional analyses under state law and federal due process are the same." *Mavrix Photo*, 647 F.3d at 1223 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (2004)).

There are two types of personal jurisdiction: general and specific. General jurisdiction exists when a defendant's "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). Specific personal jurisdiction exists when the suit arises out of or relates to the defendant's contacts with a forum. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. 408, 414 n.8 (1984); *Int'l Shoe*, 326 U.S. at 316 ("due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'") (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant. *Wash. Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668, 671–72 (9th Cir. 2012). However, when the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a "prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)) (internal quotation marks omitted). The court resolves all disputed facts in favor of the plaintiff. *Id.* at 672.

### III. ANALYSIS

Defendant brings the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). (ECF No. 81 at 1.) Defendant argues its contacts with California are not sufficient to render it "at home" in the state, as required for general jurisdiction, nor do those contacts give rise to the Challenged Plaintiffs' claims, as required for specific jurisdiction. (ECF No. 82 at 5.) Plaintiffs argue Defendant waived this defense because Defendant earlier filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), and did not assert a 12(b)(2) defense in the earlier motions as required. (ECF No. 83 at 4–6.) Defendant argues the 12(b)(2) defense was unavailable to it at the time it filed the 12(b)(6) motions and so Defendant could not have asserted, and therefore did not waive, the 12(b)(2) defense. (ECF No. 82 at 11.)

A party waives any defense listed in Federal Rules of Civil Procedure 12(b)(2)–(5) by omitting it from an earlier motion, or by failing to either make it by motion under Rule 12 or include it in a responsive pleading. Fed. R. Civ. P. 12(h). This "strict waiver rule extends only to defenses" available at the time that a defendant filed an initial motion or responsive pleading. *Sloan v. General Motors LLC*, 287 F. Supp. 3d 840, 854 (N.D. Cal. Feb. 7, 2018) (internal quotation marks omitted) (quoting *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1983)). To show a defense was unavailable, a defendant must show that the defense "would have been directly contrary to controlling precedent in this Circuit." *Id.* at 854 (internal quotation marks omitted) (quoting *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 135–36 (2nd Cir. 2014)).

Defendant argues that at the time it filed its 12(b)(6) motion California appellate courts' interpretation of California's long-arm statute made it "unclear whether [Defendant] could mount a viable challenge to personal jurisdiction." (ECF No. 82 at 11.) Defendant argues the interpretation subjected a company to personal jurisdiction in California for out-of-state plaintiffs' claims by virtue of the company's nationwide sales and marketing and because the out-of-state plaintiffs' claims were joined with similar claims of California plaintiffs. (ECF No. 82 at 10.) Further, Defendant adds, the California Supreme Court subsequently affirmed this interpretation in *Bristol-Myers Squibb Co. v. Superior Court of S.F. Cty.*, 1 Cal. 5th 783, 804 (2016). (ECF No. 82 at 10.) Defendant argues the United States Supreme Court's subsequent reversal of the

holding clarified the "application of personal jurisdiction [in California] in cases like this one." (ECF No. 82 at 10.) Finally, Defendant notes, there was no Ninth Circuit precedent on point at the time, so there was no contrary appellate authority for this interpretation. (ECF No. 82 at 11.)

"[T]he outer boundaries of California personal jurisdiction [] concerned a federal question over which the Ninth Circuit and the U.S. Supreme Court had ultimate authority, not a question of state law over which the California Supreme Court's decisions controlled." *Sloan*, 287 F. Supp. 3d at 855. No controlling Ninth Circuit precedent existed regarding this interpretation of the long-arm statute by California's state courts. *Id*. (stating "[t]he California Supreme Court's decision [in *Bristol-Myers*] did not constitute controlling Ninth Circuit authority"). Asserting the 12(b)(2) defense, therefore, would not have been "directly contrary to controlling precedent in this Circuit." *Id*. at 854 (quoting *Gucci America*, 768 F.3d at 135–36). The Court finds the defense was available to Defendant when it filed its motions and answer.

Defendant could have asserted the defense in this Court at the time Defendant filed its 12(b)(6) motions. Defendant could have preserved the defense in its responsive pleading or initial motions and alerted the Court to the pending decision in *Bristol-Myers*. *Sloan,* 287 F. Supp. 3d at 855; *Alvarez v. NBTY, Inc.*, 2017 WL 6059159, at *5 (S.D. Cal. Dec. 06, 2017). Defendant did neither and waived the defense. Fed. R. Civ. P. 12(h); *In re Morning Song Bird Food Litig.*, 2018 WL 1382746, at *2 (S.D. Cal. Mar. 19, 2018) (finding that defendants waived because they were not prevented from asserting lack of jurisdiction as to the named nonresident plaintiffs because *Bristol-Myers* was not a change in controlling law of specific jurisdiction principles, the defense had been available, and the defendant waived); *Sloan*, 287 F. Supp. 3d at 854 (rejecting defendant's argument the defense was unavailable because defendant failed to show *Bristol-Myers* overturned Ninth Circuit precedent); *Alvarez*, 2017 WL 6059159, at *5, 7 (holding "well settled law and clear facts" show the defendant waived any personal jurisdiction defense because *Bristol-Myers* did not create a new defense that was previously unavailable).

Defendant's citation to *Gucci America* does not support its argument. In *Gucci America*, controlling precedent from the Second Circuit barred nonparty Bank of China from challenging personal jurisdiction. *Gucci America*, 768 F.3d at 136. The Supreme Court decided *Daimler AG*

*v. Bauman*, 571 U.S. 117 (2014) during the pendency of *Gucci America*, and the holding in *Daimler* was directly contrary to the prior Second Circuit precedent. *Id*. at 135 (quoting *Daimler*, 571 U.S. at 139). Bank of China was only able to challenge personal jurisdiction after the Supreme Court's decision in *Daimler*. *Id*. at 138.

The Supreme Court's decision in *Bristol-Myers* does not represent a change in law or creation of new law that made the 12(b)(2) defense available to Defendant as the *Daimler* decision did for Bank of China in the Second Circuit. The *absence* of Ninth Circuit precedent did not prevent Defendant from timely challenging personal jurisdiction in its initial motion to dismiss or responsive pleadings. Accordingly, the Court denies Defendant's motion.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, (ECF No. 81).

IT IS SO ORDERED.

Dated: June 29, 2018

Troy L. Nunley
United States District Judge