UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SNYDER, MARTIN and BETH MELNICK, LIA LOUTHAN, and SUMMERFIELD GARDENS CONDOMINIUM on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAMKO BUILDING PRODUCTS, INC., a Missouri Corporation,<br><br>Defendant. | No. 1:15-cv-01892-TLN-KJN<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE NATIONWIDE CLASS ALLEGATIONS** |

This matter is before the Court pursuant to Defendant TAMKO Building Products, Inc.'s ("TAMKO") Motion to Strike the Nationwide Class Allegations under Rule 23(d)(1)(D). (ECF Nos. 66, 67.) Plaintiffs Jeffrey Snyder ("Snyder"), Martin and Beth Melnick (the "Melnicks"), Lia Louthan ("Louthan"), and Summerfield Gardens Condominium ("Summerfield Gardens") (collectively, "Plaintiffs") oppose the motion. (ECF No. 72.) Defendant has replied. (ECF No. 77.) The Court hereby DENIES Defendant's Motion to Strike Class Allegations, (ECF No. 66).

///

///

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are named representatives of a proposed class of individuals and entities who own or have owned structures on which fiberglass roofing shingles, sold under the name "Heritage" and manufactured by Defendant, "are or have been installed." (ECF No. 36 ¶ 1.) Plaintiffs allege the "shingles are plagued by design and/or manufacturing flaws that result in the shingles…generally deteriorating and leaking." (ECF No. 36 ¶ 2.) Plaintiffs allege Defendant "represented its shingles as durable, reliable and free from defects" on its website, and advertised its shingles meet certain industry standards. (ECF No. 36 ¶ 21.) Plaintiffs allege Defendant's shingles contain less asphalt than required and do not conform to the representations or industry standards, and that Plaintiffs and the class have suffered damage to the shingles, their roofs and the underlying structures, which Defendant has not remedied. (ECF No. 36 ¶¶ 21–34.)

Plaintiffs seek to represent a nationwide class as well as subclasses of individuals and entities in the states of California, Connecticut, Ohio, and Illinois. (ECF No. 36 ¶¶ 94–95.) Defendant argues a nationwide class is improper because the Court would have to apply materially differing substantive law of all 50 states and the District of Columbia to proposed class members claims. (ECF No. 67.) Plaintiffs opposed the motion as premature. (ECF No. 72.)

## II. STANDARDS OF LAW

"[T]he court may issue orders that require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). "Pursuant to Rule 23(d)(1)(D), the court may strike class allegations if the complaint plainly reflects that a class action cannot be maintained." *Simpson v. Ramada Worldwide, Inc.*, 2012 WL 5988644, at *2 (N.D. Cal. Nov. 29, 2012). The Court may also "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "As with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiff's allegations as true[.]" *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. March 31, 2010). Similarly, the Court "must view the pleading in the light most favorable to the nonmoving party." *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. June 30, 2011).

"Motions to strike are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal. Nov. 7, 2011) (internal quotation marks omitted); *Bal v. New Penn Financial, LLC*, 2015 WL 3867984, at *5 (C.D. Cal. June 22, 2015). Motions to strike at the motion to dismiss stage are only granted under "exceptional circumstances." *Reniger v. Hyundai Motor Am.*, 122 F. Supp. 3d 888, 908 (N.D. Cal. Aug. 18, 2015); *see Tasion Communications, Inc. v. Ubiquiti Networks, Inc.*, 2014 WL 1048710, at *3 (N.D. Cal. Mar. 14, 2014) (noting district courts increasingly rely on *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) in holding that "Rule 12(f) motions to strike are not the proper vehicle for seeking dismissal of class allegations"). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. Aug. 15, 2013).

Courts have recognized class allegations may sometimes be stricken at the pleading stage. *See e.g.*, *Kamm v. California City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975); *see Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim."). However, Ninth Circuit precedent stands "for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). District courts have broad discretion to control the class certification process, including whether to permit discovery relating to class certification. *Id*.

**III. ANALYSIS**

Defendant argues this Court should strike Plaintiffs nationwide class allegations prior to discovery. (ECF No. 67 at 13.) Defendant argues California's choice-of-law rules require each proposed class member's claims be governed by the laws of that plaintiffs' home state, that this may require the Court to apply the law of all 50 states, and the laws vary widely so a nationwide class is improper. (ECF No. 67 at 13–14.) Plaintiffs argue Defendant's motion is premature at the pleading stage because Plaintiffs have not had any discovery and so have not been able to

3

refine the class or determine the manageability of a nationwide class. (ECF No. 72 at 8–10.) Plaintiffs argue performing the case and fact specific analysis necessary for the Court to strike the nationwide class allegations is not appropriate at the pleading stage. (ECF No. 72 at 5–7.)

Sometimes issues are plain enough from pleadings for a court to determine whether the class can be certified, and sometimes it is necessary for the court to probe behind the pleadings before deciding that question. *Rodas v. Monetary Management of Cal., Inc.*, 2015 WL 1440602, at *1 (E.D. Cal. Mar. 27, 2015) at *3–4 (noting it is "rare" for a court to strike class allegations before a motion for class certification, and holding the motion to strike premature) (quoting *Gen. Tel. Co. of Sw.*, 457 U.S. at 160 (internal quotation marks omitted). "However, motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for arguments pertaining to class allegations." *Id.* at *3 (quoting *Olney v. Job.com, Inc.*, 2013 WL 5476813, at *3 (E.D. Cal. Sept. 30, 2013). "Because striking is severe and disfavored, many courts have declined to so rule solely on the basis of the allegations in a complaint, preferring to address the propriety of the class action at a later stage in the litigation." *Khorrami v. Lexmark Int'l Inc.*, 2007 WL 8031909, at *2 (C.D. Cal. Sept. 13, 2007).

Defendant argues California's choice of law requires a court to determine whether the laws of the other states in the class "materially differ" from California law, each state's interest in application of its law, and which state's interest would be "more impaired" if its law were not applied. (ECF No. 67 at 13) (citing *Rikos v. Procter & Gamble Co.*, 2012 WL 641946, at *5 (S.D. Ohio Feb. 28, 2012). Defendant cites *In re Yasmin and Yaz (Drospirenone)* Marketing, 275 F.R.D. 270 (S.D. Ill. May 4, 2011), to support its argument that "nationwide class allegations should be stricken where the claims will likely be governed by the widely varying laws of 50 different states." (ECF No. 67 at 12.) In *In re Yasmin and Yaz*, the plaintiff defined the class three different ways in her complaint, pled the claims under the common law although she was a resident of Louisiana which "does not follow the common law," and some of the allegations "contain question marks." *In re Yasmin and Yaz (Drospirenone) Marketing*, 275 F.R.D. at 273. The court noted the issues, including that the broadest definition of the class necessarily involved all 50 states, and granted the plaintiff leave to amend. *Id.* at 273, 275–76. Defendant also cites

4

*Route v. Mead Johnson Nutrition Co.*, 2013 WL 658251 (C.D. Cal. Feb. 21, 2013), in which the court noted that the transactions which gave rise to the claims took place in all 50 states and granted the plaintiff leave to amend. *Id.* at *1, *9.

Here, the parties stated Defendant's sales occurred "throughout" the country, but have not determined how many states are implicated in the nationwide class, or which states beyond the four Plaintiffs' home states. (ECF No. 36 ¶ 10; ECF No. 77 at 4.) The Court cannot yet assess whether the other states' laws materially differ from California law, each state's interest, and which would be more impaired were its law not applied. *See In re Apple, AT&T iPad Unlimited Data Plan Lit.*, 2012 WL 2428248, at *9 (N.D. Cal. June 26, 2012) ("[T]here are too many preliminary questions that cannot be resolved at this stage of the case, including . . . how many states' laws are implicated and how many are materially different from California law").

Defendant has not shown "exceptional circumstances" to justify striking the class allegations, that the class cannot be maintained, or that it contains defects that cannot be cured through discovery and class certification. *Simpson*, 2012 WL 5988644 at *2 (stating Rule 12(f) and 23(d)(1)(D) motions to strike "should be granted only when the complaint has obvious defects that cannot be cured through the class discovery and class certification process"); *Smyth v. China Agritech, Inc.*, 2013 WL 12136605, at *7 (C.D. Cal. Sept. 26, 2013) ("what little authority exists suggests that a motion under this rule is premature until a court makes a final determination that class treatment is inappropriate."); *Vinole*, 571 F.3d at 942 ("the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable"). Accordingly, the Court denies Defendant's motion to strike.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Strike, (ECF No. 66).

IT IS SO ORDERED.

Dated: June 29, 2018

Troy L. Nunley
United States District Judge

5